UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TODD COLLINS and MATHIAS MUNGER,

    Plaintiffs,

v                                                  Case No. 2:18-cv-206

CITY OF MARQUETTE,

    Defendant.
_____/

Wendy E. Leukuma (P74769)
Pence Law
Attorney for Plaintiffs
102 W. Washington Street, Suite 217
Marquette, MI 49855
(906) 273-2261
_____

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

## COMPLAINT AND JURY DEMAND

Now Comes Plaintiffs, Todd Collins and Mathias Munger, by and through counsel, Pence Law, by Wendy E. Leukuma, and hereby states as follows:

## NATURE OF ACTION AND JURISDICTION

1.    This is a civil complaint brought under the Fair Labor Standards Act (FLSA) 29 USC 201 et seq., for failure to pay wages and overtime and for purposes of compelling payment of such wages, overtime, damages, costs and attorney's fees incurred as a consequence of Defendant's failure to do so.

2.    This Court has jurisdiction pursuant to 29 U.S.C. § 216(b), which permits actions under the FLSA to be maintained in "any Federal or State Court of Competent

Jurisdiction by any one or more employees for or on behalf of himself or themselves and other employees similarly situated."

3. Venue properly lies in this District as the cause of action arose in Marquette County, Michigan.

## PARTIES

4. Plaintiff Todd Collins is an employee of Defendant. Plaintiff Collins resides in Marquette, Michigan.

5. Plaintiff Mathias Munger is a former employee of Defendant. Plaintiff Munger resides in Marquette, Michigan.

6. Defendant, City of Marquette, is a public agency, specifically a political subdivision of the State of Michigan, within the meaning of Section 3(s)(1)(C) of the FLSA, and an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203, by virtue of its activities as a public agency.

## FACTUAL ALLEGATIONS

7. Plaintiff Collins has been employed by Defendant as a law enforcement officer in the K-9 Unit since April 2012.

8. Plaintiff Munger was employed by Defendant as a law enforcement officer in the K-9 Unit from 2004 until his retirement in August 2017.

9. At all times relevant to this action, Plaintiffs were classified as non-exempt employees and paid an hourly wage.

10. Plaintiff Collins' hourly rate of pay was $24.88 from October 1, 2015 through September 30, 2016; $25.31 from October 1, 2016 through September 30, 2017; $25.82 from October 1, 2017 through September 30, 2018. Plaintiff Munger's hourly rate of pay

was $27.99 from October 1, 2015 through February 21, 2016; $30.21 from February 22, 2016 through September 30, 2016; and $30.74 from October 1, 2016 through his retirement in August 2017.

11.   Defendants did not pay at least one and one-half times Plaintiffs' regular rates of pay for all hours worked over 40 in the workweek.

12.   Plaintiffs were responsible for the day-to-day care and maintenance of the K-9s assigned to them.  They took their K-9s home with them, groomed them, exercised them, kept them well-nourished and in good health, and ensured they were ready for service at all times (maintenance activities).

13.   Plaintiffs engaged in one-half hour to one and one-half hours of off-duty canine maintenance activities each day, in addition to their regularly scheduled ten-hour shifts.

14.   In addition, Plaintiffs were required to participate in training days and outreach activities related to Defendant's K-9 Program.  Plaintiffs spent 20 to 30 hours per month engaged in training and outreach activities that directly benefited the K-9 Program.  Most of these activities took place outside of the regular 40-hour workweek.

15.   Effective April 25, 2018, the compensation that K-9 Unit members received for the care and maintenance of their dogs during off-duty hours became a provision of the Collective Bargaining Agreement between Defendant and the Marquette Professional Police Association Police Officers Association of Michigan ("POAM").

16.   By Letter of Agreement, K9 Handlers now receive 30 minutes of compensation each day, 7 days per week, to care for and maintain the dogs.

17. Additionally, to the extent "training days" cannot be conducted during regular working days, time and one half is granted.

18. Prior to this date, the only compensation Plaintiffs received for the off-duty care of their K-9 partners was one shift (ten hours) of compensation per month, which was accrued on a straight-time basis in a separate bank of time to be used similar to vacation accruals.

19. Similarly, prior to April 25, 2018, Defendant did not authorize payment of overtime for training days and outreach activities. Rather, Plaintiffs were instructed to track their time independently on a straight time basis and to utilize it at a later point in time "in lieu of" unpaid time off.

20. Prior attempts to bring K-9 hander compensation in line with the FLSA were met with resistance. Plaintiffs were told that Defendant could not afford the K-9 Program if they had to pay Plaintiffs for all hours worked.

## COUNT I — VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME

21. Plaintiff incorporates by referenced the preceding paragraphs.

22. At all times relevant herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §201 *et seq*.

23. At all relevant times, Defendant has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203, by virtue of its activities as a public agency.

24. The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees for all hours worked over 40 in a workweek at a rate not less than one and one-half times their regular rate of pay.

25. Plaintiffs are entitled to overtime pay for all hours worked over 40 in a workweek and have unpaid overtime pay for which they are entitled to be compensated for.

26. Defendant violated the FLSA by failing to compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

27. Defendant's violation of the FLSA was knowing and willful within the meaning of the FLSA, 29 U.S.C. §201 *et seq.*

28. Defendant has neither acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA.

29. As a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to their unpaid overtime wages as described by section 16(b) of the FLSA, codified at 29 U.S.C. § 215(b).

30. Plaintiffs are also entitled to recover attorney's fees, litigation expenses, and court costs, pursuant to 29 U.S.C. § 216(b), and other legal and equitable relief as the Court deems proper.

### **COUNT II— VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY WAGES**

31. Plaintiff hereby incorporates by reference the preceding paragraphs.

32. At all times relevant herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §201 *et seq.*

33. At all relevant times, Defendant has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203, by virtue of its activities as a public agency.

34. The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees for all hours worked.

35. Plaintiffs are entitled to compensation for off-duty time spent on K-9 care and maintenance activities.

36. Defendant violated the FLSA by failing to compensate Plaintiffs for all hour worked. This violation of the FLSA was knowing and willful within the meaning of the FLSA, 29 U.S.C. §201 *et seq*.

37. Defendant has neither acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA.

38. As a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to their unpaid overtime wages as described by section 16(b) of the FLSA, codified at 29 U.S.C. § 215(b).

39. Plaintiffs are also entitled to recover attorney's fees, litigation expenses, and court costs, pursuant to 29 U.S.C. § 216(b), and other legal and equitable relief as the Court deems proper.

WHEREFORE, Plaintiffs demand:

a. Judgement against Defendant in an amount equal to Plaintiffs' unpaid overtime pay;

b. Judgement against Defendant in an amount equal to Plaintiffs' unpaid compensation for K-9 care and maintenance activities;

c. A finding that Defendant violated the FLSA by failing to compensate Plaintiffs for one and one-half times their regular rates of pay for all hours worked over 40 in a workweek;

d. A finding that Defendant violated the FLSA by failing to adequately compensate Plaintiffs for K-9 care and maintenance activities;

e. A finding that Defendant's violations of the FLSA were willful;

f. Liquidated damages in an amount equal to the unpaid overtime and unpaid off-duty K-9 care and maintenance activities pursuant to 29 U.S.C. §216(b);

g. All costs and reasonable attorney's fees incurred in prosecuting this claim pursuant to 29 U.S.C. § 216(b);

h. An award of pre-and post-judgement interest as provided by law; and

i. Any other relief the Court deems just and equitable.

PENCE LAW

Dated: November 20, 2018      By:    /s/ Wendy E. Leukuma
Wendy E. Leukuma (P74769)
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs Todd Collins and Mathias Munger, through their counsel, Wendy E. Leukuma, of Pence Law, hereby demand a trial by jury.

PENCE LAW

Dated: November 20, 2018      By:    /s/ Wendy E. Leukuma
Wendy E. Leukuma (P74769)
Attorney for Plaintiff